WELSBRO WATCH CO. ET AL. *v.* UNITED STATES

**No. 7912.**
Entry No. 719078, etc.

(Decided November 27, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General (*Charles J. Miville,* special attorney), for the defendant.

LAWRENCE, Judge:   It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals, with the exception of the merchandise covered by invoice #1 in entry 719361, covered by reappraisement 161315–A, are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States,* 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra,* may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, with the exception of the merchandise covered by invoice #1 in entry 719361, covered by reappraisement 161315–A, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

The appeal for a reappraisement in No. 161315–A insofar as it relates to invoice #1 in entry 719361 having been formally abandoned is hereby dismissed.

Judgment will be entered accordingly.